## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELE GILCHRIST,
           Appellant,

      v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
DC-0752-13-0386-I-1

DATE: August 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michele Gilchrist, Carson, Virginia, pro se.

Stephen W. Furgeson, Landover, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal for improper conduct. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision issued by the administrative judge, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not shown that the administrative judge made erroneous findings of material fact.

¶2   The "improper conduct" with which the appellant was charged involved an altercation between the appellant and an acting supervisor in which the acting supervisor was attempting to retrieve papers from the appellant. The agency alleged that, as the acting supervisor "made a further attempt to retrieve the paper from you, you pivoted to face him, drew your arm back, cocked your right hand, and punched [the acting supervisor] in the face." Initial Appeal File, Tab 5, Subtab 4c. Following a hearing in which the appellant, the acting supervisor, and several witnesses testified, the administrative judge found that the proposal notice accurately described what happened. The judge concluded that the appellant's punch was deliberate and rejected her contentions that she acted in self defense or reflexively: "The evidence demonstrates that [the acting supervisor] was behind the appellant. She turned around, clenched her fist and aimed her fist at [the supervisor's] left cheek at least a foot over her head. This was not a reflexive action." Initial Decision (ID) at 15.

¶3      The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  We find that the appellant has advanced no "sufficiently sound" reasons for overturning the administrative judge's credibility determinations and findings of fact in this regard.  To the contrary, we find the judge's findings of fact and credibility determinations to be eminently reasonable as to this crucial matter.

The appellant's affirmative defenses and the reasonableness of the penalty

¶4      The appellant reiterates arguments she made below that she was denied due process of law, that the agency delayed unduly in taking its adverse action, that the agency discriminated against her because of her race or gender by creating a hostile working environment or for protected EEO activity, and that it was guilty of disability discrimination for failing to accommodate her disability by providing her with a light duty assignment.  Petition for Review (PFR) File, Tabs 1-2.  For the reasons stated in the initial decision, we find these arguments to be without merit.  With regard to the discrimination and retaliation claims, we agree with the judge's determination that, even if a prima facie case had been made, the agency had a legitimate nondiscriminatory reason for its action, i.e., that the appellant punched an acting supervisor in the face.  ID at 18-23.  We further agree with the administrative judge's assessment that this act constituted an egregious form of violence at the workplace which the agency simply could not tolerate.  ID at 19, 23-24.

¶5      The appellant similarly reiterates arguments of harmful procedural error that she raised below, particularly with respect to the agency's use of its PreDisciplinary Interview process.  *See* PFR File, Tab 1 at 5-13.  As the administrative judge properly found, harmful error under 5 U.S.C.

§ 7701(c)(2)(A) cannot be assumed; the appellant must show that an agency's failure to follow its procedures caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  ID at 25; *see* 5 C.F.R. § 1201.56(c)(3).  Given our determination that the administrative judge correctly found that the appellant intentionally struck an acting supervisor in the face, the appellant has made no showing that any procedural error caused the agency to reach a different conclusion with respect to her improper conduct.  The appellant's arguments with respect to the length of time it took the agency to initiate its removal action and the length of time it took for the administrative judge to issue her initial decision fail for the same reason.[2]

¶6        Finally, we agree with the initial decision as to the reasonableness of the removal penalty.  ID at 29-32.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

 You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[2] The appellant's contention that the administrative judge erred in refusing to approve the Human Resources Manager as a witness, PFR File, Tab 1 at 4, fails both because the appellant did not object to this ruling during the regional office proceeding, *see Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988), and because she has failed to establish how this witness's testimony likely would have changed the result.

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.